UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

62-64 BANK STREET, LLC,

                Plaintiff,

    - against -

CARMINE AMELIO,

                Defendant.

24-cv-2488 (JGK)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

    This civil action, originally filed in Connecticut Superior Court, alleges that the pro se defendant, Carmine Amelio ("Amelio"), failed to pay rent and other expenses for commercial property that is owned by the plaintiff, 62-64 Bank Street, LLC ("Bank Street"). The defendant filed counterclaims against the plaintiff, alleging - among other claims - breach of contract, tortious interference with contract, and due process violations. See ECF No. 1.

    On March 29, 2023, the defendant filed a notice of removal from Connecticut Superior Court to this Court based on diversity of citizenship and federal question jurisdiction. See id. ¶ 4. On April 26, 2024, the plaintiff filed a motion to remand the action to Connecticut state court, alleging that there is incomplete diversity and that the case was improperly removed from Connecticut Superior Court to this Court. See ECF No. 5.

1

The plaintiff also sought costs and expenses arising from the improper removal. See id.

The plaintiff's motion to remand is **granted**.

The defendant removed this action pursuant to 28 U.S.C. § 1441(a), which provides that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

It is plain that removal to this Court was improper and that the case should have been removed – if at all – to the District of Connecticut. It is that Court that should decide any question of federal jurisdiction if the defendant attempts to remove this action to the District of Connecticut. Therefore, this action should be remanded to Connecticut Superior Court.[1]

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand is **granted**. The Clerk is directed to remand this case to the Connecticut Superior Court. Given the defendant's pro se status,

---

[1] The defendant failed to respond to the motion to remand, even after an extension of time was granted. See ECF No. 9. The defendant's latest request for another extension of time is denied as moot. See ECF No. 11.

the Court declines to assess costs. The Clerk is directed to close ECF No. 5.

**SO ORDERED.**

Dated:   New York, New York
         June 27, 2024

_____
John G. Koeltl
**United States District Judge**