UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| 62-64 BANK STREET, LLC, | 24-cv-2488 (JGK) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| - against - | |
| CARMINE AMELIO, | |
| Defendant. | |

---

JOHN G. KOELTL, District Judge:

On March 29, 2024, the defendant filed a notice of removal of this action from Connecticut Supreme Court to this Court based on diversity of citizenship jurisdiction. ECF No. 1. The plaintiff moved to remand the case to Connecticut state court, alleging that there is incomplete diversity and that the case was improperly removed to this court from the Connecticut Superior Court. ECF No. 5. This Court found that the case was plainly improperly removed to this Court because the case should have been removed - if at all - to the District of Connecticut pursuant to 28 U.S.C. § 1441(a). ECF No. 13. The Court therefore ordered the case to be remanded to the Connecticut Superior Court. See id.

The defendant has now moved for reconsideration of this Court's decision on the grounds that the Court should have transferred this action to the District of Connecticut pursuant

to 28 U.S.C. § 1406(a), rather than dismissing it. ECF No. 14. However, reconsideration of a court's prior order "is an extraordinary remedy to be employed sparingly" in the interests of finality. In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). In a motion for reconsideration, a party may not "advance new facts, issues or arguments not previously presented to the Court." Torres v. Carry, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009).

In this case, reconsideration would not be warranted because the Court was never asked to transfer the action pursuant to 28 U.S.C. § 1406(a), and because there were significant questions with respect to this Court's subject matter jurisdiction. In any event, reconsideration is not authorized for an order remanding a case to the state court. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. § 1447(d); Shapiro v. Logistec USA, Inc., 412 F.3d 307, 310-11 (2d Cir. 2005).

The motion for reconsideration is **denied**.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the

defendant's motion for reconsideration is **denied**. The Clerk is directed to close ECF No. 14.

The Clerk is respectfully requested to mail a copy of this Memorandum Opinion and Order to the pro se defendant and to note mailing on the docket.

**SO ORDERED.**

**Dated:**     **New York, New York**
               **August 7, 2024**

                                        John G. Koeltl
                                  **United States District Judge**